UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                          5:11-CR-0206
                                                            (GTS)
MICHAEL A. RICHARD,

                Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

HON. RICHARD S. HARTUNIAN                                   GWENDOLYN E. CARROLL, ESQ.
  United States Attorney for the N.D.N.Y.                   Assistant United States Attorney
  Counsel for the Government
James T. Foley U.S. Courthouse
Albany, New York 12207-2924

DUNN LAW OFFICE                                             EDWARD P. DUNN, ESQ.
  Counsel for Defendant Richard
19 South Street
Marcellus, New York 13108

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this criminal proceeding against Michael A. Richard ("Defendant") for violating 8 U.S.C. § 1324(a)(1)(A) (one count), 8 U.S.C. § 1324(a)(2)(A) (three counts), 8 U.S.C. § 1324(a)(2)(B)(ii) (three counts), and 18 U.S.C. § 2 (three counts), are the following three pretrial motions filed by Defendant: (1) a motion to dismiss for lack of specificity in the Indictment and/or insufficient evidence to support the Indictment; (2) a motion for a suppression hearing; and (3) a motion for an Order to compel the Government to disclose all information required under Fed. R. Crim. P. 16. (Dkt. No. 36.) The Government has opposed Defendant's motions. For the reasons set forth below, Defendant's motions are denied.

**I.    RELEVANT BACKGROUND**

Because the parties have submitted memoranda of law that demonstrate an accurate understanding of the relevant facts of this case, the Court will not provide a detailed description of those facts in this Decision and Order, which is intended primarily for the review of the parties. Rather, the Court will refer to those facts only when necessary in its analysis of the pending motions.

**II.   DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF SPECIFICITY AND/OR INSUFFICIENT EVIDENCE**

Defendant Richard seeks dismissal of the charges against him based on a lack of specificity in the Indictment and/or insufficient evidence to support the Indictment. (Dkt. No. 36.) Specifically, Defendant makes the following three legal arguments: (1) "[a]n indictment must be specific enough for defendant to prepare a defense"; (2) "[t]here is no direct evidence of defendant's involvement in any criminal activity"; and (3) "[t]he indictment itself does not provide specific enough detail as to what defendant did . . . ." (*Id*.)

"An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *U.S. v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (*citing Russell v. United States*, 369 U.S. 749, 763-64 [1962]). The Second Circuit has held that, to state an offense, an Indictment "need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, state time and place in approximate terms.'" *U.S. v. Flaharty*, 295 F.3d 182, 198 (2d Cir. 2002) (internal quotation marks, citation and ellipsis omitted), *cert. denied*, 537 U.S. 936 (2002).

In the present case, the Indictment charging Defendant with three counts of 8 U.S.C. §§ 1324(a)(2), (B)(ii) and 18 U.S.C. § 2 reads as follows:

> On or about April 15, 2011, in the Northern District of New York, the defendant[] . . . MICHAEL ARTHUR RICHARD . . . knowing and in reckless disregard of the fact that [the aliens], namely "S.L.S," ["R.M.A.T."] [and "J.A.T.,"] had not received prior official authorization to come to, enter and reside in the United States, did bring into the United States said alien[s], for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Section 1324(a)(2) and (B)(ii) and Title 18, United States Code, Section 2.

(Dkt. No. 14, Counts One, Two and Three.) The Indictment is sufficient and notifies Defendant of the charges pending against him for the following reasons: (1) it closely tracks the language of the statues that Defendant is alleged to have violated; (2) it identifies the statutes and the appropriate subsections that Defendant is accused of violating; (3) using initials, the Indictment identifies the aliens that Defendant is accused to have brought, or attempted to bring, into the United States; and (4) it states approximately when and where the alleged violations took place.

For the reasons state above, Defendant's motion to dismiss the Indictment is denied.

**III.    DEFENDANT'S MOTION FOR A SUPPRESSION HEARING**

Defendant argues that, in the event the Court denies his motion to dismiss, the Court should hold a suppression hearing to determine whether the evidence seized by the Government is admissible. (Dkt. No. 36.) Specifically, Defendant argues the evidence obtained from a search of the Global Positioning System ("GPS") unit found inside Defendant's vehicle should be suppressed. (*Id.*)

### A.     Whether Defendant Failed to Meet His Preliminary Burden

Pursuant to the Northern District of New York's Local Rules, where the Government contests whether the Court should conduct a suppression hearing, "the defendant must accompany the motion with an affidavit, based upon personal knowledge, setting forth facts, which if proven, would entitle the defendant to relief." N.D.N.Y. L.R. 12.1(e). In other words, a defendant requesting a suppression hearing "must make a preliminary showing of facts which, if proved would require the granting of relief." *U.S. v. Longo*, 70 F. Supp.2d 225, 248 (W.D.N.Y. 1999). In *U.S. V. Miller*, 382 F. Supp.2d 350 (N.D.N.Y. 2005), U.S. District Judge Gary L. Sharpe of this District explained as follows:

> In this district, the defendant [moving for suppression] usually satisfies [his preliminary showing] in one of two ways. He may file moving papers accompanied by an affidavit, based upon personal knowledge, setting forth facts which, if proven true, would entitle him to relief. Alternatively, he and the government may agree that he has met his burden, specify the issues requiring resolution, and request a hearing. If he fails to comply with either alternative, he does not satisfy his burden, there will be no hearing, and the evidence he seeks to suppress will be admitted at trial.

*Miller*, 382 F. Supp.2d at 361 (internal citations omitted).

In the present case, Defendant Richard failed to adduce an affidavit, based on his own knowledge, that he did not voluntarily consent to a search of the vehicle. (Dkt. No. 36.) Consequently, there is uncontroverted evidence before the Court that shows Defendant consented to a search of the vehicle. (Dkt. No. 38, Marshall Affidavit, at ¶¶ 7, 10; Dkt. No. 38, Milburn Affidavit, at ¶¶ 8, 11.) Therefore, Defendant's motion for a suppression hearing is denied.

### B. Whether Defendant's Consent to Search the Vehicle Included a Consent to Search His GPS Unit

The next issue is whether Defendant's consent to search the vehicle included the GPS unit located on the dashboard of Defendant's vehicle. (Dkt. No. 36; Dkt. No. 38, Marshall Affidavit, at ¶ 5; Dkt. No. 38, Milburn Affidavit, at ¶ 6.)

In *Florida v. Jimeno*, 500 U.S. 248 (1991), the Supreme Court explained, "The standard for measuring the scope of the suspect's consent under the Fourth Amendment is that of 'objective' reasonableness–what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Jimeno*, 500 U.S. at 251. The Court held that the suspect's consent to search the vehicle extended to search of a paper bag found on the floor of the passenger compartment, particularly because the police officer had announced to the suspect that he was looking for drugs. *Id.* The Court reasoned that "[a] reasonable person may be expected to know that narcotics are generally carried in some form of a container." *Id.*

Similarly, in *U.S. v. Snow*, 44 F.3d 133 (2d Cir. 1995), the Second Circuit concluded, "[A]n individual who consents to a search of his car should reasonably expect that readily-opened, closed containers discovered inside the car will be opened and examined." *Snow*, 44 F.3d at 135. The Court reasoned that "[i]f the consent to search is entirely open-ended, a reasonable person would have no cause to believe that the search will be limited in some way." *Id.*

Following the rationale set forth in *Jimeno* and *Snow*, two district courts in the Second Circuit have held that, where a suspect consents to a general search of a vehicle, it is reasonable for law enforcement to search the electronic contents of a pager, cellular telephone and beeper found in the vehicle. *U.S. v. Reyes*, 922 F. Supp. 818, 834 (S.D.N.Y. 1996) (pager); *U.S. v. Galante*, 94-CR-0633, 1995 WL 507249, at *3 (S.D.N.Y. Aug. 25, 1995) (cellular telephone and beeper).

In the present case, the Government asks the Court to extend the reasoning set forth in the above cases (regarding a search of pagers, beepers and cellular telephones) to a search of Defendant's GPS unit. (Dkt. No. 38.) On the other hand, Defendant asks the Court to suspend its ruling on the issue until the Supreme Court has decided the appeal of Antoine Jones from *U.S. v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), in which the Supreme Court heard oral argument on November 8, 2011. (Dkt. No. 42.) The Court agrees with the Government that the search of Defendant's GPS unit is analogous to *Reyes* and *Galante*, and therefore the Court denies Defendant's request to suspend its ruling.[1]

The facts of this case are similar to *Reyes* where law enforcement in *Reyes* asked the suspect for, and the suspect granted, permission to search the vehicle upon a lawful traffic stop. *Reyes*, 922 F. Supp. at 833. Law enforcement agents found a pager in the back seat of the vehicle, and thereafter they searched the pager's memory. *Id.* Similarly, in this case, Defendant Richard consented when Supervisory Border Patrol Agent ("SBPA") Marshall asked if he "could search the rest of the [Defendant's] vehicle." (Dkt. No. 38, Marshall Affidavit, at ¶ 10; Dkt. No. 38, Milburn Affidavit, at ¶ 11.) Upon searching the vehicle, SBPA Milburn found, collected and examined the GPS unit on the dashboard of Defendant's vehicle. (Dkt. No. 38, Milburn Affidavit, at ¶¶ 6, 12.)

Notably, unlike in *Reyes* (but similar to *Jimeno*) where law enforcement did not tell the suspect what they were looking for, the SBPAs *did* indicate to Defendant the illegal activity they

---

[1] Moreover, the Court notes that the issue before the Supreme Court in *U.S. v. Jones* is distinguishable from the issue in this case. The Supreme Court in *Jones* has been asked to consider whether it was a proper seizure under the Fourth Amendment for law enforcement to attach a GPS unit to the defendant's vehicle without the defendant's knowledge and thereafter monitor the vehicle for 24 hours a day for 28 days. *See generally U.S. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). In the present case, the Court is asked to determine whether Defendant's general consent to search a vehicle extends to a search of Defendant's GPS unit.

suspected. *Reyes*, 922 F. Supp. at 834; *Jimeno*, 500 U.S. at 251. Specifically, SBPA Marshall identified himself as a United States Border Patrol Agent and asked Defendant whether there were any people in the trunk of the vehicle. (Dkt. No. 38, Marshall Affidavit, at ¶¶ 4, 7.) The Court finds that these communications should have reasonably led Defendant Richard to believe that a consent of the vehicle would necessarily entail a search for any illegal activity related to smuggling, including a search of the GPS unit for information that might suggest illegal transportation of aliens. *See Snow*, 44 F.3d at 135; *Jimeno*, 500 U.S. at 251.

Under the circumstances, the Court finds that the search of the GPS unit found in Defendant's vehicle was proper given Defendant's voluntary and general consent to SBPAs Marshall and Milburn. As a result, Defendant's motion to suppress is denied.

IV.    **DEFENDANT'S REQUEST FOR AN ORDER TO COMPEL PRODUCTION**

Finally, Defendant requests an Order to compel the Government to disclose all information required under Fed. R. Crim. P. 16.[2] (Dkt. No. 36.) In its opposition papers, however, the Government asserts it "is aware of and has fully complied with its disclosure obligations pursuant to the Pretrial Order and Rule 16 of the Federal Rules of Criminal Procedure, and will continue to so comply as new evidence becomes available." (Dkt. No. 38.) As a result, Defendant's request for an Order to compel is denied as moot at this time.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's three pretrial motions (Dkt. No. 36) are **DENIED**.

Dated: December 5, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[2]    The Court construes Defendant's request as such even though Defendant's specific request reads, "Furthermore, defendant requests *the Court* disclose all information pursuant to Rule 16." (Dkt. No. 36 [emphasis added].)